**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STEPHEN ALLYN BISHOP,         ) | |
| ) | |
| Plaintiff,         ) | |
| ) | CIVIL ACTION |
| v.         ) | |
| ) | No. 14-4068-CM |
| CAROLYN W. COLVIN,         ) | |
| ACTING COMMISSIONER OF         ) | |
| SOCIAL SECURITY ADMINISTRATION,         ) | |
| ) | |
| Defendant.         ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Stephen Allyn Bishop claims he became unable to work on October 11, 2007 because of limitations caused by degenerative back disease and sciatic nerve symptoms. Plaintiff seeks review of a final decision of the Commissioner of Social Security denying plaintiff's requests for disability insurance benefits and supplemental security income. For the reasons discussed below, the court affirms the Commissioner's decision.

**I.    Background**

Plaintiff applied for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. § 401 et seq. (Doc. 9-6 at 2–12.) The agency denied plaintiff's applications initially and upon reconsideration. (Doc. 9-4 at 2–57; Doc. 9-5 at 23–40.) Plaintiff and a vocational expert testified at a hearing before administrative law judge ("ALJ") Timothy G. Stueve on November 20, 2012. (Doc. 9-3 at 36–67.) On January 7, 2013, the ALJ issued a decision denying plaintiff's applications. (*See id.* at 14–29.) On May 27, 2014, the Appeals Council denied plaintiff's request for review. (*Id.* at 2–4.) Therefore, the ALJ's decision became the Commissioner's final decision. Plaintiff timely requested judicial review. Plaintiff asks this court to

reverse or remand the Commissioner's decision because the ALJ erred in finding plaintiff did not meet the requirements of Listing 1.04A of the Listing of Impairments. (*See generally* Plaintiff's Initial Brief (Doc. 16).)

## II.     Legal Standards

In conducting this review, the court determines (1) whether the ALJ applied the correct legal standard, and (2) whether the factual findings are supported by substantial evidence in the record. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence" is a term of art, meaning "more than a mere scintilla" and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hunter v. Astrue*, 321 F. App'x 789, 792 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)). When evaluating whether the standard has been met, the court is limited; it may neither reweigh the evidence nor replace the ALJ's judgment with its own. *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (citing *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)). On the other hand, the court must examine the entire record—including any evidence that may detract from the decision of the ALJ. *Jaramillo v. Massanari*, 21 F. App'x 792, 794 (10th Cir. 2001) (citing *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994)). The party challenging the action bears the burden of establishing that any error prejudiced the party. *St. Anthony v. U.S. Dep't of Health & Human Servs.*, 309 F.3d 680, 691 (10th Cir. 2002).

The "Listing of Impairments" describes certain impairments that the Commissioner considers disabling. 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also* 20 C.F.R. pt. 404, subpt. P, app. no. 1. If plaintiff's condition meets or equals the severity of a listed impairment, that impairment is conclusively presumed disabling. *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988); *see Bowen*

*v. Yuckert*, 482 U.S. 137, 141 (1987).  Plaintiff "has the burden at step three of demonstrating, through medical evidence, that his impairments 'meet *all* of the specified medical criteria' contained in a particular listing."  *Riddle v. Halter*, No. 00-7043, 2001 WL 282344, at *1 (10th Cir. Mar. 22, 2001) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in *Zebley*)); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) (stating that burden shifts to Commissioner only at step five).  "An impairment that manifests only some of [the listing] criteria, no matter how severely, does not qualify" to meet or equal the listing.  *Zebley*, 493 U.S. at 530.  "The [Commissioner] explicitly has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard.  The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'"  *Id.* at 532–33 (emphasis in original) (citing 20 C.F.R. § 416.925(a) (1989)).

**III.    Analysis**

The ALJ found that plaintiff had severe impairments, including degenerative disc disease, but that he did not have an impairment or combination of impairments that met or medically equaled any section of the Listing of Impairments.  (Doc. 9-3 at 15–19.)  The ALJ specifically determined that plaintiff did not meet the requirements of Listing 1.04A, which states as follows:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.  With . . . [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. pt. 404, subpt. P, app. no. 1 § 1.04A.

Plaintiff argues that the ALJ's finding that plaintiff did not meet the listing was not supported by substantial evidence.  (*See* Plaintiff's Initial Brief (Doc. 16) at 13, 25.)  Specifically, plaintiff argues

that the ALJ erred by failing to give controlling weight to treating physician James Warren, M.D.'s opinion that plaintiff met the requirements of Listing 1.04A. (*Id.* at 15.) Plaintiff then provides pages of citations to the record, which he claims support Dr. Warren's opinion and the requirements of the listing. (*Id.* at 19–24.)

Defendant responds that the ALJ was not required to give controlling weight to Dr. Warren's opinion and that substantial evidence supports the ALJ's finding that plaintiff did not meet the requirements of the listing. (*See* Brief of the Commissioner (Doc. 21) at 5.) Specifically, defendant claims the record does not contain proper evidence of atrophy and positive straight leg raise tests conducted both sitting and supine, which defendant argues are requirements of Listing 1.04A. (*See id.* at 5.) Plaintiff did not file a reply.

### A.     Dr. Warren's Opinion

Plaintiff argues that the ALJ improperly gave no weight to Dr. Warren's opinion that plaintiff met the requirements of Listing 1.04A. Dr. Warren's opinion stated in pertinent part as follows:

> Attached hereto is Social Security Listing 1.04 dealing with disorders of the spine. I am familiar with this Listing as I have been a consulting doctor for the Social Security Administration for several years and continue in that capacity. I have not, and did not, review Mr. Bishop's case as a Social Security consulting physician, but I have been his primary treating physician under workers' compensation since November 9, 2007.
>
> It is my opinion that Mr. Bishop meets Listing 1.04. He is suffering from a failed surgery syndrome. The surgery was performed because he had herniated discs from spondylolisthesis, has lumbar 5-sacral lateral recessed stenosis, moderate to severe degenerative lumbar disc disease predominantly at L3-4, L4-5 and L5-S1, chronic right S1 radiculopathy, chronic low back pain and erectile dysfunction. In reviewing my historical records[,] I repeatedly noted exam findings that established that he meets Sub Part A of the Listing. He clearly has nerve root compression[,] which is a neuro-anatomical distribution of pain down his right leg which I refer to as sciatica and/or radiculopathy. He has extreme reduction in motion of his lumbar spine and has motor loss with muscle weakness and sensory loss of his right leg. He has decreased sensation to pin prick in right touch of his right ankle, his right ankle reflex is completely absent and I noted atrophy of his right foot in my 1/28/11 note. Throughout my treatment of Mr. Bishop[,] he has had positive straight leg raising tests on the right.

(Doc. 9-5 at 77 (formatting omitted).)

The ALJ considered Dr. Warren's opinion when he determined plaintiff did not meet any listing and stated as follows:

> I do not give weight to the opinion.  The opinion is inconsistent with the independent medical examination objective findings and other findings throughout the record.  On November 14, 2007, sensory and motor functions were intact.  There was no finding of atrophy (Exhibit 2F, page 7).  The doctor does not indicate straight leg raising tests were positive both sitting and supine, and the record does not support this.
>
> On June 12, 2008[,] the claimant's straight leg raising test was negative.  Deep tendon reflexes were equal bilaterally.  Strength testing was equal and symmetric with respect to the quadriceps (Exhibit 23F).  On October 20, 2008, treating doctor Warren expressed an opinion that the claimant had muscle weakness and sensory loss of the right leg and recommended an evaluation for surgery.  The claimant appeared to have atrophy of the quadriceps bilaterally.  However[,] the doctor did not provide measurements (Exhibit 5F, pages 39, 40).  The doctor referred to a finding of atrophy in the right foot 3 years after the alleged onset date on January 28, 2011.  Explanatory section 1.00E(1) indicates, in pertinent part, that a report of atrophy is not acceptable as evidence of significant motor loss without circumferential measurements of both thighs and lower legs.  Such findings are absent.

(Doc. 9-3 at 17–18.)  Plaintiff states that the ALJ should have given substantial or controlling weight to Dr. Warren's opinion.  (*See* Plaintiff's Initial Brief (Doc. 16) at 15.)  The court disagrees.

Whether a claimant's impairment meets a listing is an issue reserved to the Commissioner.  20 C.F.R. § 416.927(d)(2).  Treating physicians' medical opinions are entitled to controlling weight if well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record.  But opinions on issues reserved to the Commissioner are not considered medical opinions, and therefore are never entitled to controlling weight.  20 C.F.R. § 416.927(d), § 416.927(c)(2); *see id.* § 416.927(a)(2) ("Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.").  While treating physician opinions that a

-5-

claimant meets a listing are not medical opinions or entitled to any special significance, ALJs must consider them as evidence. *Id.* § 416.927(d)(2) & (3).

Dr. Warren's opinion that plaintiff met Listing 1.04A was on a matter reserved for the Commissioner, not a medical opinion subject to the ALJ's determination of whether he should give it controlling weight. *See* 20 C.F.R. § 416.927(d)(2) (outlining the process for determining weight to give to medical opinions). Therefore, the ALJ correctly did not give it special significance. By engaging in the weighing analysis, the ALJ made specific findings—which he made to show why he was not giving any weight to Dr. Warren's opinions. (Doc. 9-3 at 17 (finding that Dr. Warren's opinion was entitled to "no weight" because it was "inconsistent with independent medical examination objective findings and other findings throughout the record.").) If those findings are supported by substantial evidence and the ALJ used the proper legal standards, they also will support the ALJ's ultimate conclusion that plaintiff did not meet the requirements of Listing 1.04A. *Cf.* SSR 96-5P, 1996 WL 374183, at *3 (July 2, 1996)[1] ("When a treating source provides medical evidence that demonstrates that an individual has an impairment that meets a listing, and the treating source offers an opinion that is consistent with this evidence, the adjudicator's administrative finding about whether the individual's impairment(s) meets the requirements of a listing will generally agree with the treating source's opinion. Nevertheless, the issue of meeting the requirements of a listing is still an issue ultimately reserved to the Commissioner."). The ALJ made two express findings: (1) the record did not contain proper evidence of atrophy, and (2) the record did not contain evidence of positive straight leg raise tests both sitting and supine.

---

[1]   Some sections of this administrative ruling are now outdated. For instance, the ruling interprets and applies 20 C.F.R. § 404.1527(c), but on March 26, 2012, 20 C.F.R. § 404.1520b replaced § 404.1527(c). These changes do not affect the above quotation.

-6-

### B.     Evidence of Atrophy

The ALJ found Dr. Warren's opinion inconsistent with independent medical examination objective findings and other findings throughout the record because there was no finding of atrophy on November 14, 2007, and when atrophy was noted in the record later, plaintiff did not provide measurements as required by section 1.00E(1) of the listings.  (Doc. 9-3 at 17–18;) *see also* 20 C.F.R. pt. 404, subpt. P, app. no. 1 § 100E(1) ("[A] report of atrophy is not acceptable as evidence of significant motor loss without circumferential measurements of both thighs and lower legs . . . given in inches or centimeters.").  The court looks to whether the ALJ's finding, using the correct legal standard, was supported by substantial evidence.

Although the ALJ properly stated that a report of atrophy must be accompanied by such measurements, the ALJ applied an incorrect legal standard by implying that plaintiff cannot meet the listing without such measurements.  In fact, the listing requires evidence of motor loss, which plaintiff could show by "atrophy with associated muscle weakness *or* muscle weakness[.]"  20 C.F.R. pt. 404, subpt. P, app. no. 1 § 1.04A (emphasis added); *see Olechna v. Astrue*, No. 08-cv-398, 2010 WL 786256, at *5 (N.D.N.Y. Mar. 3, 2010) ("[A]n absence of muscle atrophy is not evidence that a claimant fails to meet Listing 1.04A, and to rely on such an absence is to apply an improper legal standard.").  An ALJ's "failure to apply the proper legal standard may be sufficient grounds for reversal independent of the substantial evidence analysis." *Brown ex rel. Brown v. Comm'r of Soc. Sec.*, 311 F. Supp. 2d 1151, 1155 (D. Kan. 2004) (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)).  If the error in applying the improper legal standard is harmless, however, remand is not required.  *See, e.g.*, *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

Plaintiff points to substantial evidence of muscle weakness in the record.  (*See* Plaintiff's Initial Brief (Doc. 16) at 21–23.)  If he had used the proper legal standard, the ALJ may have found such

-7-

evidence satisfied the requirements for evidence of motor loss.  Therefore, the ALJ erred in applying a heightened legal standard that required evidence of atrophy in the record, and the error was not harmless as to the "motor loss" requirement of the listing.  Remand is not warranted, however, unless the ALJ erred in finding that plaintiff could not meet all of the requirements of Listing 1.04A.

### C.     Positive Straight Leg Raise Tests (Sitting and Supine)

The ALJ stated that the record did not support that the straight leg tests were positive both sitting and supine.  (Doc. 9-3 at 16 ("The doctor does not indicate straight leg raising tests were positive both sitting and supine, and the record does not support this.").)  Plaintiff states that the ALJ erred in this finding and cites to 27 examination findings of positive straight leg raise tests, which plaintiff claims are "some sitting, some supine" between November 9, 2007, and September 3, 2012.  (Plaintiff's Initial Brief (Doc. 16) at 17–18, 23–24.)  Defendant states that substantial evidence supports the ALJ's determination that plaintiff did not meet Listing 1.04A because there is no evidence of straight leg raise tests performed in both sitting and supine positions.  After reviewing the record, the court agrees.  While there is evidence of positive straight leg raise tests, most do not specify plaintiff's posture.  The two positive tests that do specify posture were performed in the seated position.  Thus, there is no evidence that any straight leg raise tests were conducted in the supine position.  Without this evidence, plaintiff cannot show that he met all of the requirements of Listing 1.04A.[2]

---

[2]     Arguably, the evidence regarding straight leg raise tests was insufficient, rather than absent from the record.  The positive straight leg raise tests had to have been conducted in some posture, presumably seated, supine, or both, but the medical records did not specify.  If confronted with consistent but insufficient evidence such that the ALJ was unable to determine whether plaintiff was disabled, the ALJ was required to "try to" resolve the insufficiency by (1) recontacting the treating physician, (2) requesting additional records, (3) requesting plaintiff undergo a consultative examination, or (4) asking plaintiff for more information.  *See* 20 C.F.R. § 404.1520b(c).  Plaintiff did not argue that the positive straight leg tests were insufficient evidence that the ALJ was required to attempt to resolve, however.  Therefore, the issue is not before the court.

Finally, the ALJ's RFC findings at step four, which plaintiff does not argue were erroneous, provide that plaintiff can occasionally stoop, kneel, crouch, and crawl.  (Doc. 9-3 at 19–20.) Presumptive disability at step three for Listing 1.04A requires "nerve root compression resulting in limited range of motion and motor loss with muscle weakness."  *Duncan v. Colvin*, 608 F. App'x 566, 576 (10th Cir. 2015).  The ALJ's RFC findings negate "the possibility of any finding that [plaintiff] is conclusively disabled at step three, and therefore, any deficiency in the ALJ's step three analysis is harmless error."  *Id.*  The court affirms the ALJ's decision.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) affirming the Commissioner's decision.

Dated this 17th day of September, 2015 at Kansas City, Kansas.

/s/ Carlos Murguia_____
**CARLOS MURGUIA**
**United States District Judge**